OPINION
{¶ 1} On March 4, 2003, Stephanie Hintz, a juvenile, was found delinquent and was placed into the temporary custody of the Stark County Department of Job and Family Services, appellant herein (Case No. JU 126150).
 {¶ 2} On March 25, 2003, Ms. Hintz again was adjudicated delinquent and placed in the temporary custody of appellant (Case No. 126448).
 {¶ 3} On May 8, 2003, Ms. Hintz yet again was adjudicated delinquent (Case No. JU 126921). On June 2, 2003, the trial court gave temporary custody of Ms. Hintz to the Multi County Juvenile Attention Center (hereinafter "MCJAC") for placement at "RTC." The trial court ordered Ms. Hintz's mother to be responsible for clothing, personal items and medical and dental bills.
 {¶ 4} By orders filed June 25 and 27, 2003, the trial court terminated appellant's custody of Ms. Hintz as she was now in the custody of MCJAC.
 {¶ 5} On October 28, 2003, the trial court issued an order, stating temporary custody of Ms. Hintz was to remain with appellant and appellant would be responsible for "placement costs from 08-15-03 as well as medical, dental, and personal needs." On November 4, 2003, appellant filed a motion to review this order. A hearing was held on November 18, 2003. By judgment entry filed November 21, 2003, the trial court ordered "status quo on existing orders."
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "Whether the trial court violated the due process rights of appellant by issuing orders which effected (sic) a substantial interest of appellant without providing notice of hearing, without conducting a hearing or providing appellant with a meaningful opportunity to be present and heard."
 II {¶ 8} "Whether the trial court erred in requiring scdjfs to be responsible for the expenses incurred for the care of a juvenile who was ordered to be placed specifically into a multicounty locked detention facility which scdjfs is prohibited from dispersing funds to. the order of the court represented an unreasonable taking of state funding and was in excess of the court's authority and violative of separation of powers."
 I, II {¶ 9} Because the dispositions of both of these assignments of error are identical, we shall address them collectively. Based upon the authority of In the Matter of: Gayland Roberson
(September 13, 2004), Stark App. No. 2003CA00393, these assignments are granted.
 {¶ 10} The judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is hereby reversed and remanded.
Farmer, J., Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Juvenile Division is reversed and the matter is remanded to said court for further proceedings consistent with this opinion.